UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SEACREST MARINE, LLC,**                              **CIVIL ACTION**

**VERSUS**                                             **NO. 11-172**

**M&T OCEANOGRAPHIC RESEARCH, LLC**                    **SECTION B "4"**

<u>**ORDER AND REASONS**</u>

Before the Court is Plaintiff Seacrest Marine, LLC's ("Seacrest") Motion for Partial Summary Judgment (Rec. Doc. No. 13).  In response, Defendant M&T Oceanographic Research, LLC ("M&T") filed opposition thereto (Rec. Doc. No. 14).

Accordingly, and for the reasons pronounced below,

**IT IS ORDERED** that Seacrest's Motion for Partial Summary Judgment (Rec. Doc. No. 13) is **DENIED.**

This matter arises out of the contractual relationship between Seacrest and M&T that began in summer 2010.  (Rec. Doc. No. 13 at 1).  Seacrest was and is the owner of the M/V BRODY PAUL.  (Id.). M&T was seeking a vessel in order to try to bid on contracts for certain oceanographic fisheries research.  (Id.).  Seacrest maintains that M&T and Seacrest reached an oral agreement by which M&T would pay for certain modifications and repairs to the BRODY PAUL in order that the vessel would meet the needs of its customers.  (Id.).  Seacrest contends that M&T also agreed to pay for the time the BRODY PAUL was undergoing the repairs and

modifications. (Id.). Once the repairs and modifications were complete, M&T chartered the vessel to its customers. (Id.). It is not disputed that M&T had the vessel under charter on the following days: 9/1/2010-9/7/2010; 9/10/2010-9/16/2010; 9/24/2010-9/30/2010; 10/1/2010-10/8/2010; 10/10/2010-10/10/2010; 10/12/2010-10/18/2010; 10/22/2010-10/26/2010; 11/7/2010-11/9/2010; 12/2/2010-12/6/2010. (Rec. Doc. No. 15-3 at 2; Rec. Doc. No. 13-2 at 2).

## Law and Analysis

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas,* 139 F.3d 532, 536 (5th Cir. 1998). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence

to establish a genuine issue. *Id.* Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.* 7 F.3d 1203, 1207 (5th Cir. 1993).

Here, partial summary judgment on the $152,000.00 charter hire allegedly owed to Seacrest is not warranted. There are genuine issues as to the material facts concerning the amount of charter hire owed to Seacrest. M&T concedes that it owes charter hire to Seacrest, but it contends that what it owes should be discounted because of the BRODY PAUL's alleged unseaworthy conditions. (Rec. Doc. No. 14 at 5). In support of its contentions, M&T's head of operations for oceanographic research, Thomas Tunstall, testified to all of the alleged deficiencies and issues that beset the BRODY PAUL, Seacrest's misunderstanding of the Coast Guard's regulations and the subsequent repair work, and Seacrest's alleged inflation of its time of service. (Rec. Doc. No. 14-2, Exh. A). There are contested issues of fact as to which days the vessel was used and day rate due for the days when the vessel was used. According to LA. CIV. CODE ANN. art. 2682(2) (2004), a lessor is obligated to "maintain the thing in a condition suitable for the purpose of which it was leased," and M&T contends that Seacrest failed to fulfill this obligation with respect to the poor condition of the BRODY PAUL and the lack of professionalism of its crew. Moreover, there are outstanding discovery requests before Seacrest that need to be submitted, as these requests will help narrow the issue of

3

how much charter hire M&T owes to Seacrest.

Accordingly, **IT IS ORDERED** that Seacrest's Motion for Partial Summary Judgment (Rec. Doc. No. 13) is **DENIED**.

New Orleans, Louisiana this 24th day of October, 2011.

_____
UNITED STATES DISTRICT JUDGE